### EIFERT v. BRAND.

(Supreme Court, Appellate Division, Second Department. May 31, 1901.)

HARMLESS ERROR.

    Where defendant pleaded an accord and satisfaction to plaintiff's claim for goods sold and delivered, and the jury, under proper instructions, found for plaintiff as to part of the amount claimed, the fact that they allowed defendant a set-off as to the balance—it not being entirely clear that his claim was valid—gave him no ground for complaint.

Appeal from trial term, Kings county.

Action by John F. Eifert against Robert Brand. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

W. J. Groo, for appellant.
George H. Fisher, for respondent.

WOODWARD, J. This action was brought to recover $112.63, with interest, for goods sold and delivered. The purchase and delivery of the goods are conceded by the answer, the defendant pleading an accord and satisfaction of the claim. It appears from the evidence that the defendant rented a certain piece of real estate from the plaintiff, and defendant claims that there was an agreement between them that the last month's rental should be allowed to the defendant as damages for being compelled to remove, to give possession of the premises to a purchaser under the power of eminent domain. The rent appears to have been paid to the plaintiff, and the defendant urges that it should be returned to him, the amount being $25. Another item is alleged against the plaintiff, growing out of alleged damages sustained by the defendant by reason of the defective condition of the roof of the rented premises, the two aggregating $144. The claim of the defendant is that there was a negotiation between himself and the plaintiff in reference to these matters, and that the question was finally settled by the plaintiff agreeing to set off his claim against that of the defendant, and to call the account square. There was a distinct conflict of evidence upon this point, and the question was submitted to the jury, under a charge by the court that:

    "If you find that their minds met, and they agreed that one claim was to offset the other, the defendant is entitled to a verdict. You have heard the testimony as to the amount of damage which he claims,—something about $119 or $120,—and that there was also an item of $25 for rent which he was to be allowed on the last month's rent. Now, you must determine as between the parties."

There was no exception to the charge in any particular, and the jury brought in a verdict in favor of the plaintiff for $50; thus necessarily determining that there had been no such agreement as set forth by the defendant, and that the minds of the parties had never met in the alleged accord and satisfaction. While it is probable that this was the only issue properly triable under the pleadings, the fact that the jury found in favor of the claim of the defendant, giving him an offset to the extent of $62, and that this was done without objection on the part of either party, does not give the defendant any rights upon this appeal. The claim of the defendant, if there was no accord and satisfaction, was unliquidated. It is not entirely clear that it constituted any legal claim against the plaintiff, and if the latter is willing to accept a judgment for $50 in place of the full amount of the claim, which was not disputed, the defendant has no cause to complain. The record discloses no grounds for the reversal of the judgment or order.

The judgment and order appealed from should be affirmed, with costs. All concur.